UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Sharon Few

     v.                                    Civil No. 06-cv-427-SM

Liberty Mutual Insurance Co.,
Liberty Life Assurance Co., et al.[1]


                                **O R D E R**

     Before the Court is the complaint of plaintiff Sharon Few, who has filed suit against Liberty Mutual Life Insurance Company and Liberty Life Assurance Company (hereinafter referred to collectively as "Liberty defendants"), and several Liberty employees.  Few's claims allege violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, et seq., federal constitutional and statutory prohibitions against discrimination based on age and

---

[1] Although not named in the heading of Few's complaint, the narrative of the complaint alleges sufficient facts against Jolene Knight-Ballou, Linda Stalk, and Wayne Evans for me to find that Few intended to name Knight-Ballou, Stalk, and Evans as defendants to this action.  Accordingly, I will consider them to be properly named defendants to this action and direct that the appropriate claims be served on them as directed in this Order.

race, the federal constitution, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and a number of rights arising under the laws of various states.

As Few is proceeding both pro se and in forma pauperis, the complaint is before me for preliminary review.  See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B).  As fully explained in my Report and Recommendation issued simultaneously with this Order, I direct that the ERISA and intentional infliction of emotional distress claims be served against defendants Liberty Mutual Insurance Company, Liberty Life Assurance Company, Knight-Ballou, Stalk, and Evans, and direct that the RICO claim be served against Knight-Ballou, Stalk, and Evans.

Without commenting on the merits of the claims served, I order that the complaint be served on Defendants.  A review of the file indicates that while Few has completed summons forms for the Liberty defendants, she has not prepared summons forms for defendants Knight-Ballou, Stalk, and Evans.  Plaintiff shall prepare summonses for each of these three defendants and submit them to the Clerk's office within thirty (30) days of the date of this order.  Upon receipt of the completed summonses, the Clerk's

office shall issue the summonses against defendants[2] and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the Report and Recommendation issued this date, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:  May 16, 2007

cc:    Sharon Few, pro se

---

[2] The summons already in the file may be issued immediately.